### EXECUTORS OF JOHN SIBLEY v. JEREMIAH STULL AND OTHERS.

The obligees of a bond assigned the same, and all monies due and to become due thereon, and thereby guaranteed, and warranted the prompt payment of all the monies, principal and interest, which should become due upon the same, on the days and times, whereon the same should become due, and payable, and for the payment by the obligor as stipulated in the condition of the bond, the obligees bound themselves jointly and severally. In an action of covenant upon such assignment, and guarantee, it is not necessary to aver in the declaration, that *notice* of the obligor's failure to pay, was given to the defendants, who had so assigned the bond.

This was an action of covenant brought in this court. The plaintiffs filed the following declaration.

" New Jersey Supreme Court, of the term of November in the year of our Lord, one thousand eight hundred and thirty-five.

CUMBERLAND, to wit. Jeremiah Stull and Richard Ross, (against whom, together with a certain David I. Hann, the process of the State of New Jersey, out of the court aforesaid, in this behalf was issued, and which said David was not to be found in the county of Cumberland, as the Sheriff of the said county on the writ aforesaid, at the term of November aforesaid,

returned, did certify), were summoned to answer Sarah Sibley, executrix, and John Sibley, executor of the last will and testament of John Sibley, deceased, of a plea of breach of covenant. And thereupon the said Sarah Sibley and John Sibley, executors as aforesaid, by Daniel Elmer their attorney, complain, For that whereas heretofore to wit, on the twenty-eighth day of April, in the year of our Lord one thousand eight hundred and twenty-eight, at Bridgeton, in the county of Cumberland, one James Hood, Jr., by his certain writing obligatory, commonly called an obligation, sealed with the seal of the said James Hood, Jr., and to the court now shown, acknowledged himself to be held and firmly bound unto the said Richard Ross, Jeremiah Stull and David I. Hann, in the sum of eleven hundred seventy-one dollars and sixty-two cents, to be paid to the said Richard, Jeremiah and David, their certain attorney, executors, administrators or assigns, when he the said James Hood, Jr. should be thereunto afterwards requested, which said writing obligatory was and is subject to a certain condition thereunder written as follows : " The condition of this obligation is such, that if the above bounden James Hood, Jr. his heirs, executors, administrators, or any of them shall and do well and truly pay or cause to be paid unto the above named Richard Ross, Jeremiah Stull and David I. Hann, their certain attorney, executors, administrators or assigns, the just sum of five hundred and eighty-five dollars and eighty-one cents, on or before the fourth day of March, in the year of our Lord one thousand eight hundred and thirty-one, with lawful interest, from and after the fourth day of September next ensuing, to be paid annually for the same, without any fraud or further delay, then the above obligation to be void, or else to be and remain in full force and virtue:" as in and by the said writing obligatory and condition thereof will more fully appear. And the said Richard Ross, Jeremiah Stull and David I. Hann afterwards, and before the payment of the said sum of money in the said writing obligatory and condition thereof mentioned, to wit, on the nineteenth day of June, in the year of our Lord one thousand eight hundred and twenty-eight, at Bridgeton as aforesaid, by a certain writing indorsed upon the said writing

obligatory, sealed with the seals of the said Richard Ross, Jeremiah Stull and David I. Hann, and to the court now here shown the date whereof is the same day and year last aforesaid, for and in consideration of the sum of five hundred and seventy-eight dollars, forty-nine cents to them in hand paid by the said John Sibley, deceased, in his lifetime, did assign, transfer and set over unto the said John Sibley and his assigns, the said bond and all monies due and to become due thereon, and did thereby guarantee and warrant the prompt payment of all the monies, principal and interest which should become due upon the same on the days and times whereon the same should become due and payable, and for the said payment by the said James Hood, Jr. his heirs, executors, or administrators, as is stipulated in the condition of said bond, they bound themselves, their heirs, executors and administrators, jointly and severally by said writing and assignment, as by the said assignment reference being thereunto had will more fully appear; of which said assignment the said James Hood, Jr. afterwards, to wit, on the same day and year last aforesaid, at Bridgeton aforesaid, had notice.   And the said Sarah Sibley and John Sibley, executors as aforesaid in fact say, that the said James Hood, Jr. (although often requested so to do,) did not on the said day when the said sum of money mentioned in the said condition of the said writing obligatory became due and payable as aforesaid, pay to the said John Sibley in his lifetime the said sum of money due on the said writing obligatory or any part thereof, nor hath he paid the same or any part thereof to the said Sarah Sibley and John Sibley, executors as aforesaid, since the death of the said John Sibley, but hath wholly neglected and refused to pay the same.   And the said John Sibley and Sarah Sibley, executors as aforesaid, further in fact say, that the said Richard Ross, Jeremiah Stull and David I. Hann, (although often requested &c.) did not nor did either of them pay to the said John Sibley in his lifetime, the said sum of money in the said condition of the said writing obligatory mentioned, or any part thereof, nor have they or either of them paid the same or any part thereof to the said Sarah Sibley and John Sibley, executors as aforesaid since his death, but have wholly neglected and refused so to do,

Executors of Sibley *v.* Stull et al.

and that the said sum of money in the said condition mentioned, and a great arrear of interest thereon is now due, and owing to the said Sarah Sibley and John Sibley, executors as aforesaid, contrary to the tenor and effect of the aforesaid covenant and agreement of the said Richard Ross, Jeremiah Stull and David I. Hann in this behalf made as aforesaid, to wit, at Bridgeton aforesaid, and so the said Sarah Sibley and John Sibley, executors as aforesaid say, that the said Richard Ross, Jeremiah Stull and David I. Hann, (although often requested so to do,) have not kept the said covenants so made by them with the said John Sibley now deceased, in manner and form aforesaid, but have broken the same, and to keep the same with the said John Sibley in his lifetime, now deceased, and with the said Sarah Sibley and John Sibley, executors as aforesaid since his decease, have hitherto wholly refused and still refuse so to do. To the damage of the said Sarah Sibley and John Sibley, as executors as aforesaid, of one thousand dollars, and therefore they bring their suit, &c. And the said Sarah Sibley and John Sibley bring into court here the letters testamentary of the said John Sibley, deceased, whereby it fully appears to the said court here that the said Sarah Sibley and John Sibley are executors of the last will and testament of the said John Sibley, deceased, and have the execution thereof, &c.

To this declaration, the defendants filed a general demurrer.

*A. L. Eakin,* in support of the demurrer insisted that the declaration was defective, because it contained " no averment or allegation, that notice of Hood's failure to pay, had been given to the defendants." He cited 1 *Ch. Pl.* 320; 1 *Saunder's Pl. and Evid.* 132; 1 *Tidd's Pr.* 388.

In a declaration against the indorsee of a bill of exchange, it is material to aver notice of non-payment, or some excuse for neglect. *Doug.* 654, 659; *Powell on Contracts,* 83.

If the holder of a note neglect to give notice to the indorser, it will be considered as discharging him and accepting the maker. *Pow. on Con.* 83; 1 *East R.* 135; although the indorser is in prison. *Penn.* 782. Demand and notice or something equivalent, are the corner stones of the indorser's

right of recovery. 3 *Hals.* 231; *Penn.* 961. On guarantee of notes, notice of non-payment must be averred and proved, 9 *John. R.* 121; *Penn.* 782; 3 *Hals.* 231; *Chitty on Bills*, 296. The omission of an averment of notice may be taken advantage of on demurrer. 1 *Ch. Pl.* 322.

*D. Elmer, contra,*—The bond was assigned before due, and the covenant of the defendants is, that Hood should pay the money on the days and times, when the same should become due and payable. The assignment of the breach is, that he did not pay, in the language of the covenant: there was no necessity of a demand of payment of Hood, and hence no necessity for notice of non-payment. 1 *South. R.* 178, it was the business of the defendants to enquire and ascertain whether the same was paid.

The cases arising upon notes and bills of exchange, have no application to this case. The indorser of a promissory note enters into no express contract or guarantee, but the law raises a contract founded upon the law merchant. If due diligence be used, and legal demand and notice given, the indorser is liable. Here the defendants by their contract in writing and under seal, bind themselves for the payment by Hood as stipulated in the condition of the bond, and guarantee such payment. Their liability does not depend upon the principles of mercantile law.

The opinion of the court, was delivered by

HORNBLOWER, C. J. I think the demurrer must be overruled. The liability of the defendants was not conditional, but absolute according to the express terms of their covenant. Plaintiffs were not bound to demand payment of the obligor, or to use due diligence as in the case of mercantile securities; hence they were not obliged to give notice of non-payment. Nor is a special request necessary in this case, as in those cases where defendant's liability is contingent or dependent upon the happening of some event, or upon the doing of something by the plaintiff.

*Demurrer overruled.*